# EXHIBIT A

FILED
9/14/2021 6:28 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L009163

2120 - Served 2121 - Served
2220 - Not Served 2221 - Not Served
2320 - Served By Mail 2321 - Served By Mail
2420 - Served By Publication 2421 - Served By Publication
Summons - Alias Summons (06/28/18) CCG N001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| HEATHER SWANSON, ) | |
| Plaintiff, ) | |
| v. ) | CASE NO.: |
| SOUTHWEST AIRLINES, CO., INC., ) | Amount in Excess of $50,000 |
| Defendant. ) | |

**Please serve:** SOUTHWEST AIRLINES, CO., INC., C/O Registered Agent ILLINOIS CORPORATION SERVICE COMPANY, 801 ADLAI STEVENSON DRIVE, SPRINGFIELD, IL 62703

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

**To the Officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

WITNESS, 9/14/2021 6:28 PM IRIS Y. MARTINEZ ,

Atty. No.:42861
Timothy J. Deffet
ATTORNEY FOR PLAINTIFF
The Law Office of Timothy J. Deffet
5875 N. Lincoln Ave. #231
Chicago IL 60659
773-627-4719
tjdeffet@gmail.com

IRIS Y. MARTINEZ, CLERK OF COURT

DATE OF SERVICE:_____
(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATION

Richard J Daley Center
50 W Washington
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Action Cover Sheet - Case Initiation          (05/27/16) CCL 0520

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

HEATHER SWANSON

v.

SOUTHWEST AIRLINES, CO., INC.

No. _____

FILED
9/14/2021 6:28 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

2021L009163

FILED DATE: 9/14/2021 6:28 PM 2021L009163

## CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.
Jury Demand ☐ Yes ☒ No

(FILE STAMP)

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☒ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

### COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  (Please specify below.**)
- ☐ 075 Other Commercial Litigation
  (Please specify below.**)
- ☐ 076 Retaliatory Discharge

### OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

Primary Email: tjdeffet@gmail.com

Secondary Email: tjdeffet@hotmail.com

Tertiary Email: _____

By: Timothy J. Deffet #42861
   (Attorney)          (Pro Se)

**Pro Se Only:** ☒ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: tjdeffet@gmail.com

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

#42861

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| HEATHER SWANSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) No. | |
| | ) | |
| | ) | |
| SOUTHWEST AIRLINES, CO., INC. | ) Amount in Excess of $50,000 | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

Now comes the Plaintiff, HEATHER SWANSON, by her attorney, TIMOTHY J. DEFFET of THE LAW OFFICE OF TIMOTHY J. DEFFET and complains of the defendant, SOUTHWEST AIRLINES, CO., INC. as follows:

## RETALIATORY DISCHARGE

1. At all times relevant herein, HEATHER SWANSON was a resident of Posen, Cook County, Illinois.

2. At all times relevant herein, defendant, SOUTHWEST AIRLINES, CO., INC., was a foreign corporation authorized to sue, and be sued, in Illinois and registered with the Illinois Secretary of State as same.

3. That on April 22, 2014, plaintiff HEATHER SWANSON, was hired to be a ramp employee of defendant SOUTHWEST AIRLINES, CO., INC., out of its Midway International Airport location at 5700 S. Cicero Ave., Chicago, Cook County, Illinois.

FILED DATE: 9/14/2021 6:28 PM 2021L009163

4. That plaintiff HEATHER SWANSON was later promoted in the same year to be a ramp supervisor for defendant SOUTHWEST AIRLINES, CO., INC.

5. That plaintiff HEATHER SWANSON suffered a June 30, 2014 work accident injuring her head, as a result of performing her job duties for the defendant SOUTHWEST AIRLINES, CO., INC., and she filed an Application for Adjustment of Claim on February 2, 2016, that was assigned case number 16WC003285.

6. That on June 30, 2014, plaintiff HEATHER SWANSON reported her accident to her supervisor orally, and also filled out a SOUTHWEST AIRLINES, CO., INC. written accident report with her supervisor.

7. That plaintiff HEATHER SWANSON then suffered a July 12, 2016 work accident sustaining injuries to her hip, back, neck and right leg, as a result of performing her job duties for the defendant SOUTHWEST AIRLINES, CO., INC. and she filed an Application for Adjustment of Claim on September 9, 2016, that was assigned case number 16WC027870.

8. That on July 12, 2016, plaintiff HEATHER SWANSON reported her accident to her supervisor orally, and also filled out a SOUTHWEST AIRLINES, CO., INC. written accident report with her supervisor.

9. That on **July 18, 2016** plaintiff HEATHER SWANSON went to defendant's chosen medical provider, the Clearing Clinic, and their doctor returned her to work but to sedentary duty only.

10. That on **August 25, 2016**, plaintiff HEATHER SWANSON had a lumbar MRI performed by Dr. Robert Gould at High Tech Medical Park South which demonstrated:

1. Left-sided paracentral disc protrusion minimally impinging the ventral aspect of the left S1 nerve root correlation with left-sided diverticula be advised.

2. Annular fissure/subligamentous herniation L4-L5.

11. That on **September 2, 2016**, plaintiff HEATHER SWANSON saw her chosen orthopedic back surgeon Dr. George Miz, then of Bone and Joint Physicians, for an initial visit, and he referred her for physical therapy and diagnosed her with hip strain/bursitis and herniated disc at L5-S1.

12. That on **September 8, 2016**, plaintiff HEATHER SWANSON again saw orthopedic back surgeon Dr. George Miz, who took her completely off work until her next appointment on **October 6, 2016** and recommended four weeks of physical therapy at three times per week on her back.

13. On **September 16, 2016**, plaintiff HEATHER SWANSON saw orthopedic hip surgeon, Dr. Joseph Thometz, who required her to undergo four weeks of hip therapy for a then diagnosed right hip bursitis and torn right hamstring.

14. That on **October 3, 2016**, Defendant's paid medical expert, Dr. Kern Singh, opined in his report, that plaintiff HEATHER SWANSON had a lumbar strain, needed no further treatment, and should be at work full duty, despite several of her treating physicians having her on light duty restrictions, a confirmed lumbar MRI report demonstrating herniation, and where Dr. Singh stated her injuries were "incongruous with the video, as the patient is clearly lifting heavy objects without difficulty" and that Ms. Swanson's "complaints are inconsistent and non-objectifiable in nature".

15. That on **October 10, 2016** plaintiff HEATHER SWANSON saw Dr. Neeraj Jain, her chosen pain management specialist, who noted her July 12, 2016 work accident,

3

her persistent right hip, lower back and buttock pain, as a result of her July 12, 2016 work accident, that she had a positive straight leg raise on the left, pain with internal and external rotation of hip, that she had a lumbar MRI which showed left central disc herniation at L5-S1 with encroachment on the S1 nerve root, that he recommend a left L5-S1 ESI with select nerve root block, that she should continue her current medications, **to remain off work**, and to get an EMG.

16. That on **October 16, 2016**, plaintiff HEATHER SWANSON, against her own treaters' orders having her off work, attempted to return to work full duty because of what the defense doctor examiner Dr. Kern Singh stated in his report, and because she was afraid to lose her job for defendant SOUTHWEST AIRLINES, CO., INC.

17. Plaintiff was given two days of computer training when she explained to the OJI ("On the Job Injury program) supervisor Janet Czajkowski that her doctors had her off work.

18. That on **October 17, 2016**, plaintiff HEATHER SWANSON spoke to managers Jeff Pozza, TJ Jackson, and Anthony Hendricks and asked them to put her on a light duty position and they assured her they would.

19. That on **October 18, 2016**, plaintiff HEATHER SWANSON, in direct contravention to what she was told by her supervisors, was taken off her light duty position and put out on the ramp at full duty, she attempted to do the full duty work, and after trying she aggravated her injuries and was required to be driven to the company clinic by her supervisor/ramp manager Neal Karrang.

20. That on **October 18, 2016**, plaintiff HEATHER SWANSON then was required to see a Clearing Clinic physician, Dr. Davison, who took her off the remainder of her shift, gave her a sedentary duty slip only, referred her to a pain clinic doctor for a lumbar ESI injection, prescribed her Norco and ibuprofen, and was instructed to use cold packs to her back and hips, four times per day at home.

21. That on **October 19, 2016**, plaintiff HEATHER SWANSON's primary care physician Dr. Kavitha Bathala, of Primary Healthcare Associates Family Practice, took her off work and filled out paperwork for a leave of absence which was approved by defendant SOUTHWEST AIRLINES CO., INC.

22. That on **October 20, 2016** defendant's workers' compensation insurance carrier, Sedgwick, sent a denial letter to plaintiff HEATHER SWANSON barring all future medical treatment and benefits and informing her she should return to work full duty as follows:

> Dear Ms. Heather Swanson :
>
> Sedgwick Claims Management Services administers Workers' Compensation claims on behalf of Southwest Airlines.
>
> Based upon the recent Independent Medical Exam that was completed with Dr. Kern Singh of 10/13/16 we will not be approving further medical care for those injuries under Workers Compensation. According to Dr. Singh's opinion, he gave the opinion that the therapy you received was appropriate and at this point, you have reached maximum medical improvement and are capable of returning to full duty work as a Ramp Agent Supv.
>
> Should you have additional information which could alter our opinion, please submit the information to my attention.
>
> Sincerely,
> Sedgwick Claims Management Services, Inc.
> Patricia Nailor
> Claims Examiner
> Patricia.Nailor@sedgwickcms.com

5

23. That on **December 1, 2016**, Defendant's paid medical expert, Dr. Kern Singh, did an addendum report, further describing in full that he had a "surveillance video/report dated October 29, 2016" and alleging that he saw plaintiff HEATHER SWANSON lifting objects on that video that violated her light duty restrictions, but otherwise his findings remained the same that she had a lumbar strain, needed no further treatment, and should be at work full duty, despite several of her treating physicians still having her on light duty or off work restrictions.

24. That on **December 1, 2016**, plaintiff HEATHER SWANSON saw pain physician Dr. Neeraj Jain who applied a right intraarticular hip injection.

25. That on **December 5, 2016**, plaintiff HEATHER SWANSON saw Dr. Christopher B. Morgan who injected her with a second ESI lumbar injection, who opined her injuries were related to her July 12, 2016 work accident, and plaintiff relayed to him that she was sleeping poorly, that she has increased pain with sitting, standing and walking, experiences right hip pain, and is continuing to have lower back pain with pain traveling down the left buttocks and left posterior thigh with numbness and tingling in the lateral aspect of the left lower leg extending into the foot including both the big and little toe.

26. On **December 10, 2016**, via letter, and in-person meeting with defendant employees James Day, and Janet Czajkowski, plaintiff HEATHER SWANSON was terminated from her ramp supervisor job for the defendant SOUTHWEST AIRLINES, CO., INC. for allegedly violating section 3.2 *Basic Principles of Conduct* of the employee handbook, based on a hired private investigator following and videotaping plaintiff HEATHER SWANSON, and her invalid grandmother, to

her home where plaintiff HEATHER SWANSON brought in groceries that allegedly violated her current light duty status.

27. During her firing plaintiff HEATHER SWANSON asked if she could clean out her locker and she was told by Mr. Day in response "aren't you embarrassed enough, you really want people to see you doing this right now"?

28. On **December 22, 2016,** plaintiff HEATHER SWANSON underwent an abnormal nerve conduction/EMG report performed by Dr. Christopher B. Morgan that demonstrated L5-S1 radiculopathy.

29. That plaintiff HEATHER SWANSON continued to treat for her various hip and back injuries through 2016, 2017 and continued through 2018.

30. On **January 8, 2018,** plaintiff HEATHER SWANSON was operated on by Dr. Miz who performed an L5-S1 laminectomy and diskectomy on her back.

31. That on **May 15, 2017,** Dr. Benjamin G. Domb performed an arthroscopic acetabuloplasty and labral reconstruction on plaintiff HEATHER SWANSON's hip.

32. That on **September 14, 2019,** Dr. Benjamin G. Domb performed a right hip replacement makoplasty on plaintiff HEATHER SWANSON's hip.

33. That on **February 8, 2018,** Defendant's paid medical expert, Dr. Kern Singh saw Plaintiff HEATHER SWANSON again, and his **February 20, 2018** report "reversed" his findings and for the first time stated that plaintiff HEATHER SWANSON had a confirmed back herniation, that her injuries were related to her work accidents, that she required back surgery, should be on light duty restrictions for at least 10-12 weeks, and should then have approved work conditioning.

FILED DATE: 9/14/2021 6:28 PM 2021L009163

34. On **August 24, 2018** Defendant's second paid medical expert, Dr. Shane Nho, opined in his report, that plaintiff HEATHER SWANSON's hip treatment "was appropriate until approximately 6 months after the date of hip arthroscopy procedure on 5/15/17".

35. That plaintiff HEATHER SWANSON, throughout her treatment, brought in her light duty and off work slips to her supervisors.

36. That defendant SOUTHWEST AIRLINES, CO., INC. deployed private investigators, defense hired medical experts, nurse case managers and other employees to surveil, intimidate and break down plaintiff HEATHER SWANSON, in order to create a false narrative that she was malingering and faking her injuries.

37. That the defendant discharged the plaintiff HEATHER SWANSON from her job in retaliation for the plaintiff electing to pursue her rights under the Illinois Workers' Compensation Act.

38. That plaintiff's discharge was unreasonable, without just cause, and motivated because the plaintiff HEATHER SWANSON had pursued her rights under the Illinois Workers' Compensation Act.

39. As a direct and proximate result of the plaintiff's discharge, the plaintiff has and will continue to suffer loss of income, as well as additional compensatory damages, including but not limited to emotional distress.

40. That the defendant's actions are of such a nature that they warrant the imposition of punitive damages so as to discourage it and other defendants from discharging employees for exercising rights protected by the Illinois Workers' Compensation Act.

FILED DATE: 9/14/2021 6:28 PM 2021L009163

WHEREFORE, the Plaintiff, HEATHER SWANSON, demands judgment against the defendants in an amount in excess of $50,000 plus costs, for lost wages, pain and suffering, as well as punitive damages in excess of $1,000,000.

THE LAW OFFICE OF TIMOTHY J. DEFFET

By: /s/Timothy J. Deffet

#42861
Attorney for Plaintiff
Timothy J. Deffet
The Law Office of Timothy J. Deffet
5875 N. Lincoln Ave. #231
Chicago, Illinois 60659
tim@timdeffetlaw.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| HEATHER SWANSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. |
| | ) | |
| SOUTHWEST AIRLINES, CO., INC. | ) | Amount in Excess of $50,000 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

## AFFIDAVIT

I, Timothy J. Deffet, the attorney for Plaintiff, being first duly sworn on oath, depose and state as follows:

1. I represent the Plaintiff in the above cause of action.

2. Upon investigation of the facts as known to me at this time, including the nature and extent of the physical injuries and medical expenses appurtenant, the damages in this case, exclusive of interest and costs, are in excess of $50,000.00.

FURTHER AFFIANT SAYETH NAUGHT.
/s/Timothy J. Deffet
Attorney for Plaintiff

#42861
Attorney for Plaintiff
Timothy J. Deffet
The Law Office of Timothy J. Deffet
5875 N. Lincoln Ave. #231
Chicago, Illinois 60659
tim@timdeffetlaw.com
(773) 627-4719